UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHELLE S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 3:23-CV-5557-DWC <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of her application for disability insurance benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. *See* Dkt. 2. After considering the record, the Court finds no reversable error and affirms the Commissioner's decision to deny benefits.

# I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed her application for DIB on January 25, 2012.[1] Administrative Record (AR) 16, 244–45, 3303. She asserted July 21, 2008, as her alleged date of disability onset. *Id.* Her date last insured (DLI), for the purposes of her eligibility for DIB, was December 31, 2009. *See* AR 17, 3205, 3304. Thus, to receive DIB, Plaintiff must be found disabled during the relevant period of July 21, 2008, though December 31, 2009. *See* 42 U.S.C. § 423(a)(1).

Plaintiff's application was denied initially and upon reconsideration. AR 110–11, 124–25. Four different Administrative Law Judges (ALJs) have held hearings regarding Plaintiff's application and issued decisions finding that Plaintiff was not disabled during the relevant period. ALJ Robert Kingsley issued such a decision in September 2013 (AR 12–41) which was reversed on appeal to this Court by Judge Robert S. Lasnik in January 2016 (*see* AR 1721–23). On remand, ALJ S. Andrew Grace issued a decision in August 2017 finding Plaintiff not disabled during the relevant period (AR 1572–1608) which was reversed by this Court in January 2020 pursuant to a stipulated remand order (*see* AR 3347–49). ALJ Paul Gaughen then issued a third decision in February 2021 finding Plaintiff not disabled prior to her DLI (AR 3372–93) which was vacated by the Appeals Council (AC) in May 2021 (AR 3396–97).

On April 29, 2022, ALJ David Johnson (the ALJ) held a hearing in which Plaintiff was represented and testified. AR 3270–98. On June 2, 2022, the ALJ issued a decision finding Plaintiff not disabled prior to her DLI. AR 3201–34. The ALJ found that, between the alleged onset date and the DLI, Plaintiff had the Residual Functional Capacity (RFC)

> to perform light work, as defined in 20 CFR 404.1567(b), that does not require climbing of ladders, ropes, or scaffolds; that does not require more than frequent balancing; that does not require concentrated exposure to pulmonary irritants; and that is low stress,

---

[1] Plaintiff also filed for Supplemental Security Income (SSI) on March 7, 2012, and she was ultimately awarded SSI benefits. *See* AR 3367–70. Her SSI claim is not at issue in this case. *See generally* Dkt. 5.

meaning it occurs in a moderate or quieter noise environment or that routinely allows the worker to wear hearing protection that reduces the noise level to moderate, it does not require concentrated exposure to hazards, it consists of simple tasks, it consists of tasks that follow a routine, it allows a break after 2 hours of work, it does not require more than occasional interaction with the general public or coworkers, it does not require independent decision making, it does not require more than occasional adaptation to changes, it does not require immediate adaptation to changes, and it does not require independent goal-setting or planning.

AR 3210. Based on this RFC, the ALJ found there were jobs that existed in significant numbers in the national economy which Plaintiff could have performed prior to her DLI. AR 3221.

The AC denied Plaintiff's exceptions to the decision, making the ALJ's decision the final agency action subject to judicial review. *See* AR 3193–97. Plaintiff filed a complaint in this Court challenging the ALJ's decision on June 26, 2023. Dkt. 5.

## II. STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if and only if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III. DISCUSSION

Plaintiff argues the ALJ failed to properly evaluate the medical opinions of Bruce Eather, Ph.D., and Leslie Postovoit, Ph.D. *See generally* Dkt. 11.

**A. Dr. Eather**

Dr. Eather submitted an opinion in July 2008 based on his examination of Plaintiff. *See* AR 766–71. He opined Plaintiff had a marked limitation in her ability to respond appropriately to and tolerate the pressure and expectations of a normal work setting. AR 768. He also opined Plaintiff had several moderate limitations, including in her abilities to understand, remember, and

follow complex instructions, learn new tasks, exercise judgment and make decisions, and relate appropriately to coworkers and supervisors. AR 768.

The ALJ gave "some weight" to Dr. Eather's opinion. AR 3213. The ALJ explained that the limitations opined by Dr. Eather were included in the RFC, but also said that the opinion was inconsistent with treatment notes and other examinations. *See* AR 3213–14.

Plaintiff argues the ALJ failed to give legally sufficient reasons for discounting Dr. Eather's opinion. *See* Dkt. 11 at 11–15. Defendant's response is that the ALJ included all the limitations opined by Dr. Eather in the RFC. *See* Dkt. 14 at 5–8.

The Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). If the ALJ's decision remains supported by substantial evidence and the error does not "negate the validity of the ALJ's ultimate conclusion," it is harmless. *See id.* (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)). "The burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009); *see also McLeod v. Astrue*, 640 F.3d 881, 887 (9th Cir. 2012) ("We conclude that *Sanders* applies to Social Security cases . . . .").

If the RFC includes the limitations opined by Dr. Eather, then any error with respect to the ALJ's reasons for discounting the opinion is harmless. The ALJ is not required to articulate reasons for discounting an opinion if the opined limitations are included in the RFC. *See* SSR 96-8p. For that reason, if the opined limitations are included in the RFC, the ALJ's determination would remain legally valid even if he gave deficient reasons for not purporting to give the opinion "full weight," rendering any such error harmless. *See Molina*, 674 F.3d at 111. Thus, the

relevant inquiry is whether the ALJ's reasons for finding the limitations were included in the RFC were legally valid and supported by substantial evidence.

Plaintiff argues only that "Dr. Eather opined Plaintiff was markedly limited in ability to tolerate the expectations [of] a normal work setting, learn new tasks, and relate to supervisors, and no corresponding limitations appear in the RFC." Dkt. 15 at 4. The Court disagrees. It finds that the ALJ adequately explained why each of these limitations was included in the RFC and that each of these explanations was supported by substantial evidence and legally valid.

The ALJ explained that the limitation of tolerating the pressures and expectations of a normal work setting was included in the RFC because the RFC limited potential stressors of a work setting. AR 3213–14. The ALJ noted that this limitation was "more specifically discussed by Dr. Eather in noting the claimant was easily drawn to tears and that she avoids social contact with friends." AR 3213. Indeed, Dr. Eather explained this opined limitation by pointing to Plaintiff's anxiety, depression, substance use, proclivity to avoid social contact, and being easily drawn to tears. AR 768. Given Dr. Eather's explanation, the ALJ's finding that this opined limitation was based on Plaintiff's low stress tolerance was a reasonable interpretation of the evidence which this Court defers to. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004) (the Court "must defer to the ALJ's conclusion" if "the evidence before the ALJ is subject to more than one rational interpretation"); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) ("The ALJ is responsible for . . . resolving conflicts in the medical testimony" and "resolving ambiguities.") (citations omitted).

Similarly, the explanation for Dr. Eather's opined moderate limitation in Plaintiff's ability to "relate to supervisors" was the same as the explanation for the opined limitation in Plaintiff's ability to tolerate the pressure and expectations of a normal work setting. *See* AR

1768. The ALJ found that limitations which reflect Plaintiff's low stress tolerance also encapsulated this limitation. *See* AR 3213. Given Dr. Eather's explanation, this finding was a reasonable interpretation of the opinion which this Court defers to. *Batson*, 359 F.3d at 1198.

The ALJ then explained why the RFC reflected Plaintiff's low stress tolerance. *See* AR 3213–14. Plaintiff argues the ALJ failed to consider the individualized nature of her stressors, as required by SSR 85-15. Dkt. 11 at 13–14. But the ALJ explained why Plaintiff's limitations related to stress tolerance were included in the RFC:

> In this case, the lower stressors include the absence of need for much if any interaction. In fact the vocational expert discussed that the occupations identified are solitary tasks and that while others are present the worker performs the tasks by themselves. Unlike a psychological examination, the work demands would not require the claimant to discuss personal or difficult issues she was experiencing. Other stressors for the claimant are also limited, including from hazards, from complexity, from lack of routine to follow, from being required to persist without a set break time, from decision making, from immediate adaptation giving the claimant time to adjust, and from being responsible to plan or set goals. Dr. Eather opined the claimant had only mild limitations caring for herself and maintaining appropriate behavior, which indicate that at tasks that do not trigger the claimant's stressors, she could persist within the tolerances the vocational expert discussed.

AR 3213–14. Because the ALJ examined the individualized nature of Plaintiff's stressors—in this case, social interactions, complex tasks, and the discussions of interpersonal issues—and explained why each of these was reflected by the RFC, he met the burdens of SSR 85-15.

Finally, the ALJ explained that the moderate limitation of learning new tasks was included in the RFC because the RFC

> limit[ed] the claimant to work consisting of simple tasks, tasks that follow a routine, tasks that do not require independent decision making, and that do not require independent goal-setting or planning. Additionally, the work identified is unskilled, which the regulations define as consisting of simple tasks requiring little or no judgment.

AR 3213. Next to the box Dr. Eather checked indicating Plaintiff had this moderate limitation, Dr. Eather wrote that Plaintiff "followed simple 3-step task[s]." AR 1768. Consequently, the

ALJ's finding that Plaintiff's limitation in learning new tasks was reflected by the RFC's limitation to simple tasks reflected a reasonable interpretation of Dr. Eather's opinion which the Court must affirm. *Batson*, 359 F.3d at 1198.

In sum, for each of the limitations which Plaintiff argues were not included in the RFC, the ALJ gave a legally valid explanation supported by substantial evidence to the contrary. Plaintiff has thus not carried her burden in showing that any error in the ALJ's explanation for purporting to give Dr. Eather's opinion only "some weight" was harmless. *See Shinseki,* 556 U.S. at 409.

## B.  Dr. Postovoit

State agency consultant Dr. Postovoit submitted an opinion in October 2012. *See* AR 151–55. Dr. Postovoit opined Plaintiff had several moderate limitations in abilities related to her concentration and pace, social interactions, and adaptation to changes in the work setting. *See id.* Dr. Postovoit opined Plaintiff "could require occasional supervision in work related decisions" because of her "history of poor decision making." AR 155. Dr. Postovoit opined Plaintiff "needs a position with very few changes and additional time for adapting to changes." *Id.*

The ALJ gave Dr. Postovoit's opinion "some weight." AR 3217–18. The ALJ found that Dr. Postovoit's October 2012 opinion was not probative of Plaintiff's condition during the relevant period because it conflicted with treatment notes and benign findings during that period and the opinion of Linda McNellis, MSW, LICSW, which was rendered during that period. AR 3217.

However, the ALJ also said that most of Dr. Postovoit's opined limitations were "included in the residual functional capacity finding." AR 3218. AR 3218. With respect to Dr. Postovoit's opinion that Plaintiff could require occasional supervision, the ALJ explained that Plaintiff "is limited from independent decision making [in the RFC] so would have supervision

in this regard." AR 3217. With respect to Dr. Postovoit's opinion that Plaintiff worked best in solitary occupations, the ALJ pointed out that the positions Plaintiff was found capable of performing "are solitary tasks." *Id.* With respect to Dr. Postovoit's opinion that Plaintiff could require occasional supervision, the ALJ said Plaintiff "is limited from independent decision making [in the RFC] so would have supervision in this regard." AR 3217.

Finally, with respect to the opined limitation in adaptation to changes, the ALJ explained that

> the residual functional capacity limited the related demands on the claimant in areas of interaction, adaptation, regular breaks, and a lack of decision making, goal setting, and planning. The vocational expert discussed that there is some time allowed for changes requiring adaptation, and for those like moving to another part of the building this is not the sort of change requiring much adjustment and is not different than other changes the claimant has demonstrated in her activities were within her capabilities. The claimant was also noted to adapt to changes in her activities of daily living with taking care of pets, using public transportation, performing hobbies, playing games, and in playing instruments.

AR 3218.

Plaintiff argues the ALJ failed to give an adequate explanation for not including all the limitations opined by Dr. Postovoit in the RFC. *See* Dkt. 11 at 6–8. Specifically, Plaintiff argues that the reasons the ALJ gave for finding the opinion unrelated to the relevant period—inconsistencies with Ms. McNellis's opinion, treatment notes, and benign findings—"cannot constitute a proper explanation for the weight granted to Dr. Postovoit's opinion." Dkt. 11 at 6–8.[2]

---

[2] Plaintiff argues, for the same reasons, that the ALJ failed to comply with the AC's remand order with respect to Dr. Postovoit's opinion. *See* Dkt. 11 at 4–10; *see also* 20 C.F.R. § 404.977(b); *Noreja v. Comm'r, SSA*, 952 F.3d 1172, 1179 (10th Cir. 2020) ("When the Appeals Council remands a case with instructions, those instructions become legal requirements with which the ALJ is bound to comply."). When the AC vacated ALJ Gaughen's decision in May 2021, it did so, in part, because ALJ Gaughen had failed to "explain the omission" of certain limitations "or how the [RFC] accounts for these limitations." AR 3396–97. This is the same requirement that generally applies to medical opinions, and which Plaintiff otherwise argues the ALJ failed to meet—the ALJ must explain why opined limitations were omitted from the RFC or how they were included in the RFC. *See* SSR 96-8p.

Defendant argues the RFC included all the limitations opined by Dr. Postovoit. *See* Dkt. 14 at 2–5. As discussed above, if this is so, then any error in finding the opinion less than fully persuasive is rendered harmless.

Plaintiff replies with only one example of an opined limitation which was not included in the RFC: Dr. Postovoit's statement that Plaintiff would need "additional time for adapting to changes." Dkt. 15 at 1–2. As Plaintiff points out, the ALJ asked the Vocational Expert (VE) whether the jobs would require adaptation. AR 3283. The VE replied that there might be some adaptations that would be necessary, but not every day. *Id.* The ALJ then asked the VE whether "the amount of time a worker's allowed to adapt a range or a precise amount of time." *Id.* The VE replied that

> Now, if there were a change in the work activities or the work tasks, I would say, in that case, employers, you know, do expect that the worker will take some time to make that adaptation successfully. In other cases, like if there's a personnel change, like you're either moved to a different part of the building or there's a different person sitting next to you, or, you know, you're just assigned to work on a different product after six months, I think that employers would expect people to be able to adapt to that pretty readily. So, I don't know that I could cite a specific, you know, range, but I think that the expectation is that there wouldn't be much of an adjustment or adaptation that would be needed on the worker's part.

AR 3283–84. In other words, the VE testified that, in the positions the ALJ found Plaintiff capable of performing, an individual would be given time to make adaptations to some changes, but not to other changes, like personnel changes or a seating changes. *Id.* Given this, the Court agrees with Plaintiff that the RFC does not reflect Dr. Postovoit's opinion about the need for an additional amount of time for Plaintiff to adapt to some changes.

---

Thus, the question of whether the ALJ complied with the remand order is, in this case, indistinct from the question of whether the ALJ otherwise properly evaluated Dr. Postovoit's opinion.

However, as discussed, the ALJ found that Plaintiff could adapt to the sorts of changes the VE testified a worker would not ordinarily be given time to adapt to. AR 3218. The ALJ explained that Plaintiff's activities of daily living demonstrated an ability to adapt to changes. *See id.* Contradiction with activities of daily living is a valid reason to reject a limitation in a medical opinion. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600–02 (9th Cir.1999). Plaintiff's opening brief does not challenge this finding. *See* Dkt. 11. The Court does not consider arguments that are not raised specifically and distinctly in Plaintiff's opening brief. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (citing *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)). Thus, the Court finds the ALJ gave adequate reasons for not including additional time to adapt to changes in the RFC.

The ALJ explained, as discussed, why each of the other opined limitations was included in the RFC. *See* AR 3217–18. Plaintiff makes no argument with respect to why these opined limitations were not included in the RFC. *See* Dkt. 15 at 1–2. Thus, Plaintiff has not met her burden of showing that any error committed with respect to Dr. Postovoit's opinion was not harmless. *See Shinseki*, 556 U.S. at 409.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **AFFIRMS** Defendant's decision denying benefits.

Dated this 18th day of March, 2024.

David W. Christel
United States Magistrate Judge